IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **WILLIAM JAMES MATTHEW WALLACE, II**,<br><br>        Plaintiff,<br><br>    v.<br><br>**WASHINGTON COUNTY JAIL, NAPHCARE MEDICAL**, *et al.*,<br><br>        Defendants. | Case No. 3:18-cv-1975-SI<br><br>**ORDER** |

William James Matthew Wallace, II, *pro se*.

Christopher A. Gilmore, Sr. Assistant County Counsel, OFFICE OF WASHINGTON COUNTY COUNSEL, 155 NW First Avenue, Suite 340, MS #24, Hillsboro, OR 97124. Of Attorneys for Defendant Washington County.

**Michael H. Simon, District Judge.**

Plaintiff William James Matthew Wallace, II was an inmate in the Washington County Jail.[1] He asserts five claims against Defendant Washington County Jail and Naphcare Medical, alleging violations of the Health Insurance Portability and Accountability Act ("HIPAA"), the

---

[1] On May 24, 2019, Plaintiff filed a Notice of Change of Address indicating that he has moved to the Los Angeles County Jail. ECF 34

Americans with Disabilities Act ("ADA"), and the Eighth Amendment of the United States Constitution. Naphcare Medical has not yet been served in this case. Plaintiff moves for a second time for the appointment of counsel and asks the Court to issue several subpoenas. Plaintiff's forms for the issuance of a subpoena are not completed, although Plaintiff has entered information in the first section of the form. The remaining sections of each form, however, including the portions of the form describing where and when documents should be produced, are blank. For those reasons, Plaintiff's motions for subpoenas (ECF 21 and 22) are DENIED.

Defendant moves to dismiss all of Plaintiff's claims. For the reasons that follow, Defendant's Motion to Dismiss (ECF 25) is GRANTED in part and DENIED in part.

## STANDARDS

### A. Motion for Appointment of Counsel

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). The Court has discretion, however, under 28 U.S.C. § 1915(e) to appoint volunteer counsel for indigent civil litigants in exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a court may appoint volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 301-08 (1989).

In determining whether exceptional circumstances exist, a court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim pro se in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970; *Agyeman*, 390 F.3d at 1103. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)."

*Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

**B. Motion to Dismiss**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a

probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND[2]

Plaintiff was an inmate in the Washington County Jail, arriving at the Washington County Jail on August 5, 2018. Due to a leg injury, Plaintiff must use a wheelchair. According to Plaintiff, when he arrived at the Washington County Jail, Deputy Breshears confronted Plaintiff

---

[2] In Plaintiff's response to Defendant's motion to dismiss, Plaintiff makes additional factual allegations, which the Court construes as part of Plaintiff's complaint in the interest of affording *pro se* plaintiffs the benefit of any reasonable doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

with his medical file and told him that she believed that he was "faking his injuries" and capable of walking. Deputy Breshears also threatened to take away Plaintiff's wheelchair. Plaintiff complained about Deputy Breshears' behavior and filed multiple grievances, but jail supervisors took no action.

During his time at the Washington County Jail, the jail housed Plaintiff in several different cells that were not handicap-accessible. Plaintiff also alleges that he did not have access to an ADA-compliant shower in more than three months and has had to go more than a week at a time without bathing. On one occasion, Plaintiff was restrained by shackles around his waist and his feet and two deputies lifted him out of his wheelchair and placed him on the floor of a van to be transported to court. According to Plaintiff, the wheelchairs at the jail do not comply with the ADA and officials at the Washington County Jail have denied the medical orders from Plaintiff's orthopedic surgeon to allow Plaintiff to use his own wheelchair.

On at least one occasion, Plaintiff suffered from stomach pain and was unable to use the restroom or properly care for himself, but the medical staff allegedly did nothing. Plaintiff declared a medical emergency several times, but no medical professional saw him for five days. When he did see a physician, jail officials refused to give him the medication that the physician had ordered.

Plaintiff sought to become an inmate worker, but jail officials denied his request due to his disabilities. Plaintiff met with the ADA coordinator at the jail and informed her that the facility was not ADA-compliant, but she was unable to help him. No wheelchair that Plaintiff has used since arriving at the Washington County Jail has been in proper working order. Plaintiff's latest wheelchair at Washington County has no working breaks, no foot support, and a seat that is so worn-out that Plaintiff is forced to sit on the metal frame of the chair, according to

Plaintiff. In addition, Plaintiff has been unable to take a shower because there are no showers in the handicapped unit. There was a problem with the handicapped shower in Plaintiff's cell and, although he asked repeatedly for jail officials to fix the shower, they did not fix it.

Finally, Plaintiff alleges that two deputies at the Washington County Jail punished Plaintiff because he is unable to perform certain functions, like making his bed, due to his disability. The medical department has determined that Plaintiff's disabilities render him unfit to be an inmate worker, but Plaintiff received punishment for being unable to make his bed due to his disabilities. Plaintiff asserts that he requested reasonable accommodation, but the Washington County Jail refused to accommodate his disabilities.

## DISCUSSION

### A. Appointment of Counsel

The Court has examined Plaintiff's Complaint and concluded that Plaintiff's case is not so exceptional as to merit the appointment of *pro bono* counsel at this time. The facts and legal issues involved in this case are not of substantial complexity, and there is no indication that Plaintiff does not have the ability sufficiently to articulate his claims. To the contrary, Plaintiff has been able to articulate his claims and legal arguments in multiple filings in this case. Additionally, at this stage of the proceeding, Plaintiff has yet to demonstrate a likelihood of success on the merits. Plaintiff's Motion for Appointment of Counsel (ECF 14) is denied.

### B. Plaintiff's HIPAA Claim

Plaintiff's first claim alleges violations of HIPAA when Deputy Breshears went through his medical file and told Plaintiff that he was faking his injuries and was able to walk. Plaintiff also alleges that Deputy Breshears went through his medical file and disclosed his private medical information to "everyone in the surrounding area including other inmates and civilian employees." ECF 33. No express or private right of action exists under HIPAA. *See Webb v.*

*Smart Document Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007). Therefore, Plaintiff's HIPAA claim must be dismissed.

C. **Plaintiff's ADA Claims**

Plaintiff brings his second, fourth, and fifth claims under the ADA. Defendant argues that Plaintiff's second claim should be dismissed because Plaintiff's assertions are based on legal conclusions that his cell is not ADA complaint and that he does not have access to ADA compliant facilities. As a threshold matter, inmates in state and local jails and prisons are entitled to the protections of the ADA. *See Penn. Dep't of Corrections v. Yeskey*, 524 U.S. 206, 208 (1998).

Plaintiff explains that his cell is not ADA compliant because the door of the cell opens inward, "which hinders the ability of someone who requires a wheel chair for their mobility." ECF 33. Plaintiff also provided factual allegations that "[t]he cell also failed to be equipped with ADA support railing, making transitions from the wheel chair to the toilet or bed dangerous." ECF 33. Plaintiff claims that the only handicapped cell lacks a support railing and a functioning shower. Additionally, Plaintiff claims that he was shackled around his waist and feet and transported on the floor of a van, rather than provided with transportation that could accommodate his wheelchair. ECF 2. These factual allegations are sufficient to state a claim under the ADA and amount to more than legal conclusions.

Defendant argues that Plaintiff has failed to explain what reasonable accommodation exists that would be safe to transport an inmate in a wheelchair. In support, Defendants rely on *Pierce v. County of Orange*, 526 F.3d 1190, 1217 (9th Cir. 2008), for the proposition that "the plaintiff bears the burden of establishing the elements of the prima facie case including—if needed 'the existence of a reasonable accommodation' that would enable him to participate in the program, service, or activity at issue." *Pierce*, 526 F.3d at 1217 (quoting *Zukle v. Regents of*

*Univ. of Cal.*, 166 F.3d 1041, 1046 (9th Cir. 1999)). In *Pierce*, the case had been tried to a jury and both parties had engaged in full fact discovery, a very different standard from a court's review of a motion to dismiss. *Id.* at 1195. Additionally, although Plaintiff does not propose in his complaint an alternative to transporting a wheelchair-bound inmate shackled and on the floor of a van, it defies common-sense to argue that there are no alternative methods of transporting individuals in wheelchairs.

In Plaintiff's fourth claim, Plaintiff alleges that he was denied the right to become an inmate worker because of his disability. Plaintiff claims that he was fired from a position as an inmate worker when he was ordered to clean a cell in an upstairs area and Plaintiff could not get up the stairs in his wheelchair. Plaintiff claims he was told that the jail does not allow inmates with disabilities to hold positions in the inmate worker program. Defendant argues that inmates have no constitutional right to work, and therefore it cannot be a violation of the ADA to deny Plaintiff the ability to participate in inmate work programs due to his disability. Defendant points to Plaintiff's statement that the medical department has determined that Plaintiff is medically unfit to be a worker as support for its motion to dismiss.

Prisons, however, may not deny prisoners the benefits of the services, programs, or activities, including recreational activities, medical services, and educational and vocational programs to a qualified individual with a disability. *Yeskey*, 524 U.S. at 210 (holding plaintiff who was denied participation in inmate worker program because of medical history of hypertension had stated a claim under the ADA). Plaintiff alleges that he was not allowed to participate in the jail's inmate worker program due to his disability. Plaintiff has alleged facts supporting a claim under the ADA. *See Montez v. Romer*, 32 F. Supp. 2d 1235 (D. Colo. 1999)

(finding prisoners stated claim within the ADA when prison denied disabled prisoners access to work programs); *Clark v. State*, 1996 WL 628221 (N.D. Cal. 1996) (same).

Plaintiff's fifth claim alleges that jail officials punished him for not completing tasks that he was physically unable to do, including that Plaintiff was placed in lock down because he did not make his bed. Although Plaintiff brings this claim under the ADA, Defendant argues that Plaintiff's claim should be dismissed because Plaintiff has not demonstrated that the lockdown was unconstitutional. Plaintiff does not need to allege that Defendant's actions are unconstitutional in order to bring a claim under the ADA; he need only allege a violation of the ADA. He has alleged facts that he was denied access to services, programs, or activities because of his disability when he was placed in lockdown because of his disability. Plaintiff has alleged facts sufficient to state a claim within the ADA.

### D. Plaintiff's Eighth Amendment Claim

Plaintiff's third claim is an Eighth Amendment claim, alleging that Plaintiff suffered from stomach pain and was unable to use the restroom or care for himself and, despite Plaintiff declaring a medical emergency, he was denied medical care for five days. Plaintiff claims that he also had a fever, sore throat, cough, spasms and cramps, and was unable to move his neck, back and shoulder. ECF 33. Plaintiff alleges that when he eventually received medical treatment, five days after first requesting it, Defendants did not give him the medications that the physician had ordered. Defendant argues that stomach pain cannot be a serious medical need sufficient to rise to a violation of the Eighth Amendment if not treated. Plaintiff has not provided in-depth detail into the level of pain he suffered and the severity of the symptoms he experienced. A stomachache, however, can in many circumstances rise to the level of a serious medical need. For example, appendicitis and perforated bowel syndrome manifest through stomach pain and are serious medical conditions. *See Gonzalez v. Ahmed*, 67 F. Supp. 3d 1145, 1157 (N.D. Cal.

2014) (denying defendant's summary judgment motion on plaintiff's Eighth Amendment claim for inadequate treatment for a perforated bowel and appendicitis); *Sledge v. Redfern*, 2013 WL 2338112, *4 (D. Mont. May 28, 2013) (finding plaintiff's stomach pain a serious medical need but finding that waiting two days before admitting to hospital did not demonstrate reckless indifference). Therefore, just because Plaintiff complained of stomach pain does not mean that cannot also suffer from a serious medical need. Discovery can provide more information about the severity of Plaintiff's stomach pain and other medical conditions and the reasons for why he did not receive medical care for five days after complaining of pain.

E.  **Defendant's Motion to Dismiss Based on Qualified Immunity**

Defendant also moves to dismiss all of Plaintiff's claims based on qualified immunity. Public officials are immune from suit for money damages under 42 U.S.C. § 1983 unless they have "violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *City & Cty. of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) (internal citation omitted). The Court assumes that Defendant Washington County brings this argument on behalf of the individual defendants because qualified immunity is only available to government officials, and not government entities. *See Wood v. Moss*, 134 S.Ct. 2056, 2066-67 (2014); *see Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U,.S, 658 (1978). Of Plaintiff's remaining claims, three allege violations of the ADA and one alleges violations of the Eighth Amendment. The ADA does not apply to individuals, only to public entities. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Because there is no individual liability under the ADA, there is also no qualified immunity for public officials under the ADA.[3] Additionally,

---

[3] Plaintiff cannot pursue his ADA claims against the individual defendants in their official capacities because claims against state officers in their official capacities are construed as

as to Plaintiff's constitutional claim, the factual record is not sufficiently developed at this stage in the litigation to determine whether any of the induvial defendants acted reasonably. Defendant's motion to dismiss on qualified immunity grounds is premature.

## CONCLUSION

Defendant's Motion to Dismiss (ECF 25) is GRANTED in part and DENIED in part. Defendant's Motion to Dismiss is GRANTED with respect to Claim I, and DENIED with respect to Claim II, III, IV, and V. Plaintiff's Motion for Appointment of Counsel (ECF 14) is DENIED. Plaintiff's motions to issue subpoenas (ECF 21 and 22) are DENIED.

**IT IS SO ORDERED**.

DATED this 24th day of June, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

claims against the state and are barred by Eleventh Amendment sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1988).